RAWLINSON, Circuit Judge,
dissenting:
I respectfully dissent from the majority’s conclusion that no court has determined whether the “usual and accustomed [fishing] grounds and stations” (U & A) for the Lummi Nation Tribe (Lummi) included the waters west of northern Whidbey Island.
In my view, the answer to this question is contained in our prior opinion, United States v. Lummi Indian Tribe, 235 F.3d 443 (9th Cir.2000). That case also addressed a challenge to Judge Rothstein’s adherence to Judge Coyle’s previous determination that neither the Strait of Juan de Fuca, Admiralty Inlet nor the mouth of the Hood Canal were within the Lummi’s usual and accustomed fishing areas. See id. at 447. Judge Rothstein’s adherence to Judge Coyle’s decision followed her application of the law of the case doctrine. See id.
As the district court noted, Judge Roth-stein was quite detailed in her description of the areas sought to be included by the Lummi in its U & A:
This request [the Lummi Cross-Request for Determination][1] sought a declaration that the Lummi U & A included the waters of the Strait of Juan de Fuca east from the Hoko River to the mouth of Puget Sound, the waters west of Whidbey Island to the present environs of Seattle and the waters of Hood Canal.... The Lummi have not asserted that their cross-request covers a different area covered by the Four Tribes’ initial request and by Judge Coyle’s decision. Rather, they argue that Judge Coyle’s decision is not final and is of no precedential value. The court can discern no difference between the two requests for determination, nor have the Lummi convincingly argued that there is a difference. Thus, this order is intended to resolve both requests for determination.
United States v. Washington, Nos. CV 70-9213 RSM, 11-SP-02, 2012 WL 4846239 at *6 (W.D.Wash., Oct. 11, 2012) (emphases added).
*1189 Judge Rothstein’s ruling encompassed the following facts:
1. The Four Tribes filed an initial proceeding seeking to exclude the waters west of Whidbey Island from the Lummi U & A. See id. at 2.
2. Judge Coyle granted summary judgment in favor of the Four Tribes, but never reduced his order to judgment. See id.
3. The Lummi subsequently filed a “Cross-Request For Determination” seeking to include within its U & A the waters west of Whidbey Island. See id.
4. Judge Rothstein viewed the initial proceeding filed by the Four Tribes seeking to exclude the waters west of Whidbey Island and the cross-request for determination filed by the Lummi seeking to include the waters west of Whidbey Island as the one and the same request — to determine if the waters west of Whidbey Island were included in the Lummi U & A. See id. at 6.
5. Judge Rothstein interpreted Judge Coyle’s decision as law of the case that the disputed areas, including the waters west of Whidbey Island, were not within the Lummi U & A. See Lummi, 235 F.3d at 447.
On appeal of Judge Rothstein’s ruling, we reversed only to the extent that her ruling excluded Admiralty Inlet from the Lummi U & A. In doing so, we described Admiralty Inlet as “consisting] of the waters to the west of Whidbey Island, separating that island from the Olympic Peninsula. ...” Id. at 452. It stands to reason that any other portion of the waters west of Whidbey Island that were not included in our description remain excluded from the Lummi U & A. In Lummi, we had no difficulty “concluding that Judge Rothstein properly applied the law of the case doctrine.”
I continue in the belief that our prior conclusion is correct, and that the law of the case doctrine precludes further expansion of the Lummi U & A. I would affirm the district court.

. The Lummi's Cross-Request for Determination sought to include the same areas that competing tribes described as the Four Tribes sought to have excluded in the initial petition before Judge Coyle. See Lummi, 235 F.3d at 446-47.